YAGER PONTIAC, INC., Appellant, *v.* FRED A. DANKER AND SONS, INC., et al., Respondents.

Third Department, June 28, 1967.

*DeGraff, Foy, Conway & Holt-Harris (John T. DeGraff, John E. Holt-Harris, Jr.,* and *Margrethe R. Powers* of counsel), for appellant.

*Francis H. Trombly* for Fred A. Danker and Sons, Inc. and others, respondents.

HERLIHY, J. The plaintiff commenced this action by a complaint seeking a judgment that it has a perpetual easement and right of way over a certain strip of land owned by Fred A. Danker and Sons, Inc. and seeking damages for deprivation of the use of such easement.

On February 2, 1948, Frederick A. Danker and his wife executed a warranty deed to Robert K. Danker, Frederick A. Danker, Jr., Elizabeth N. Danker and David H. Danker to a parcel of land containing some 3.4435 acres fronting on Central Avenue in the City of Albany and also containing the following language: " It is understood and agreed, however, that should the City of Albany at a future date open a street, now unofficially known as Van Buren Avenue, connecting Cen-

tral Avenue and Roseland Street, the easterly line of said street being approximately nine hundred thirty-three and fifty hundredths (933.50) feet east of Colvin Avenue, then the parties of the first part, their heirs at law, distributees, grantees or successors in title, will grant to the parties of the second part, or their successors in title, as an alternative easement for a right of way, free and clear of any encumbrance, over a strip of land twenty-five (25) feet in width described as follows:
\* \* \*

Upon the opening of Van Buren Avenue, under such or any other name, as hereinbefore recited, and when the alternative easement secondly above described as hereinbefore provided, is granted, then the easement first above described shall cease and the parties of the second part shall have no rights in said strip of land twenty-five (25) feet wide, first hereinbefore described.''

The easement '' first hereinbefore described '' was a 25-foot wide strip running from the southeasterly corner of the premises conveyed to Roseland Street. The proposed Van Buren Avenue was apparently on the easterly side of the premises conveyed running from Central Avenue to Roseland Street, but according to the deed was not contiguous with the plaintiff's parcel of land and it is this proposed Avenue which is the subject of this proceeding.

On December 31, 1948 the parties of the second part — individual defendants in this action — in the deed referred to above conveyed the same premises to the plaintiff and this deed contained the same language as to Van Buren Avenue as the above deed.

On the same day, December 31, 1948, Frederick A. Danker, Sr. was the owner of the fee to the land contiguous on the easterly side of plaintiff's property and abutted by Central Avenue on the northerly side and Roseland Street on the southerly end. Apparently for the purpose of inducing the plaintiff to complete the real estate transaction and simultaneously with the execution of the deed, the said Frederick A. Danker, Sr., executed a letter to the plaintiff, the relevant portions of which are as follows:

'' Dear Mr. Yager:

'' This will advise you that for and in consideration of acceptance of a deed from my children, of a 300 foot plot of land situate on the southerly side of Central Avenue, conveyance made as of this date, Mrs. Danker and I will join in a deed to the City of Albany of a strip of land of not less than sixty feet in

width, to run easterly from the easterly line of the property which was conveyed to you today as aforesaid, to Roseland Street, which strip of land shall be used solely for street opening purposes * * *

"In the meantime, you may rely upon this letter as binding us, and our successors in title, so that you and your corporation may proceed with any plans which may be based upon the opening of such street at such time in the future as conditions may warrant.

"Pending acceptance by the City of Albany of the intended conveyance of land for street purposes as hereinbefore recited, we do hereby bind ourselves, our heirs at law, next of kin, or successors in title to set aside a strip of land in perpetuity for mutual use for street purposes, and either of us may use it for such purpose at any time beginning immediately."

It is this letter which the plaintiff contends created the easement or right of way over the defendant's property and in this regard we would note that no such easement was created by the plaintiff's deed.

The first paragraph of this letter is quite obviously a promise to dedicate a street to the City of Albany, which promise, of course, could not be fulfilled if the city would not accept such a dedication and such appears to have been the case. The second paragraph quoted above also relates solely to the acceptance of the street by the city. The last paragraph, however, does purport to give the plaintiff an immediate mutual use of the strip of land for "street purposes".

On December 29, 1956 Frederick A. Danker, Sr. and his wife conveyed the property which would be subject to the street referred to in the above letter to the defendant corporation and this deed contained no reference to any easement or right of way.

As relevant to the present motion, we accept as true the allegations in the complaint that Frederick A. Danker, Sr. and all of his children — defendants herein — knew the contents of the letter and therefore, the family corporation had actual knowledge of the existence of the proposed easement. The letter on its face would appear to meet the requirements of section 243 of the Real Property Law.

The document certainly contained a promise of the owner of the servient parcel to execute a deed to the city which is an "affirmative act" as found by Special Term, but the last paragraph quoted above goes beyond the acceptance of title by the city and grants a present use to the plaintiff.

The respondents argue that this use, however, was subject to the acceptance of the street by the city which was a condition subsequent, the failure of such acceptance resulting in a defeasance. In this regard the pertinent paragraph refers to the acceptance by the City of Albany and then states that pending such public use (acceptance) "to set aside a strip of land in perpetuity for *mutual use* for street purposes" (emphasis supplied). It appears that the owner of the servient estate intended a use between the plaintiff and himself and his successors until such time as there was a public use and accordingly, there could be no defeasance intended except that the use would no longer be just "mutual" if the city did accept the street. While the dedication was conditioned upon subsequent acceptance of the street by the city, the last paragraph of the letter establishing a perpetual easement was not so limited. The case of *Guaranty Trust Co. v. New York & Queens County Ry. Co.* (253 N. Y. 190) relied on by the respondents is inapplicable to the present case.

The remaining issue is whether or not the Statute of Limitations has run against this cause of action. The respondents argue that the cause of action is governed by the six-year limitation applicable to contracts. However, it appears that the letter here involved could be more than a mere contract or agreement to execute a deed and, as noted above, does on its face purport to meet the requirements of section 243 of the Real Property Law. The proof may establish this to be a conveyance of a present interest in real property which would be subject to the 10-year Statute of Limitations and which would not run until there was an adverse user of the premises. In the present case there was no adverse user until 1965 when the defendants' lessee commenced construction on the disputed 60-foot right of way. From the record it appears that the action was commenced within 10 years of the conveyance in 1956.

While the factual issues appear to be narrowly limited, as outlined by the appellant, summary judgment to either party at this juncture is not warranted. Additionally, other factual issues may arise upon the trial.

The judgment and order should be reversed, on the law and the facts, and the motion for summary judgment denied.

Gibson, P. J., Reynolds, Staley, Jr., and Gabrielli, JJ., concur.

Judgment and order reversed, on the law and the facts, and motion for summary judgment denied, with costs.